IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BOBBY RAY GRANGER, # 166643, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Defendant. ) | Civil Action No. 2:09cv931-TMH<br>(WO) |

**O R D E R**

Plaintiff filed a complaint in the Circuit Court of Montgomery County, Alabama, alleging that John Meredith slandered and defamed him and naming Meredith as the defendant to his suit. Pursuant to 28 U.S.C. § 2679 (d)(2) and 42 U.S.C. § 1442(a)(1), the case was removed from the state court by motion of the United States, which contends that Meredith was acting within the scope of his employment as a United States Probation Officer at the time of the incident out of which Plaintiff's claims arise. The United States was substituted as party Defendant for Meredith.

Asserting that Plaintiff's action is an action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, Defendant United States has filed a motion to dismiss in which it asserts that Plaintiff has failed to exhaust his administrative remedies as required by 28 U.S.C § 2675(a) by filing an administrative claim with the appropriate federal agency. Before a tort suit against the United States may be

commenced, an administrative claim must first be presented and denied by the appropriate federal agency. *See* 28 U.S.C § 2675(a). This administrative claim requirement of the FTCA is jurisdictional and must be strictly construed. *McNeil v. United States*, 508 U.S. 106, 111-13 (1993); *Suarez v. United States*, 22 F.3d 1064, 1065-66 (11th Cir. 1994). From the materials before this court, it does not appear that Plaintiff has filed an administrative claim with any federal agency with respect to his claims.

Accordingly, it is

ORDERED that on or before October 28, 2009, Plaintiff shall file a response showing cause why his complaint, to the extent it raises claims under the FTCA, should not be dismissed for his failure to exhaust his administrative remedies as required by 28 U.S.C § 2675(a).

Done this 7th day of October, 2009.

/s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE