IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BOBBY RAY GRANGER, # 166643, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | Civil Action No. 2:09cv931-TMH<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Bobby Ray Granger ("Granger"), an Alabama inmate, filed a complaint in the Circuit Court of Montgomery County, Alabama, alleging that John Meredith slandered and defamed him and naming Meredith as the defendant in a suit seeking money damages and injunctive relief. (*See Exhibit 1, "Complaint."*)  According to Granger's complaint, Meredith falsely reported to the Alabama Department of Corrections ("ADOC") that Granger had threatened him while on a work-release detail in Montgomery, resulting in ADOC's removal of Granger from work release and his transfer to an increased-security prison facility. (*Id. at 1-3.*) Pursuant to 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 1442(a)(1), Granger's action was removed from the state court to this court by motion of the United States, which contends that Meredith was acting within the scope of his employment as a United States Probation Officer at the time of the incident out of which Granger's claims arise. (*Doc. No. 1.*) The United States was substituted as party Defendant for Meredith.

Asserting that Granger's action is an action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, Defendant United States filed a motion to dismiss in which it asserts that Granger failed to exhaust his administrative remedies, as required by 28 U.S.C § 2675(a), by filing an administrative claim with the appropriate federal agency. (*Doc. No. 4.*)  This court then entered an order directing Granger to file a response showing cause why his complaint, to the extent it raises claims under the FTCA, should not be dismissed for his failure to exhaust administrative remedies. (*Doc. No. 5.*)  Granger, however, did not file a response.

A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency. *Suarez v. United States*, 22 F.3d 1064, 1065-66 (11th Cir. 1994).  This administrative claim requirement of the FTCA, set forth at 28 U.S.C. § 2675(a),[1] is jurisdictional and must be strictly construed. *McNeil v. United States*, 508 U.S. 106, 111-13 (1993); *Suarez,* 22 F.3d at 1065-66.  From the materials before this court, it is apparent that Granger has failed to exhaust administrative remedies by filing an administrative claim with the appropriate agency as required by § 2675(a).  Because of Granger's failure to exhaust administrative remedies, his FTCA claims must be dismissed.  This Court lacks subject matter jurisdiction over a federal tort suit when the plaintiff has failed to exhaust his administrative remedies under the FTCA.  *See Wilson*

---

[1] Title 28 U.S.C. § 2675(a) states that "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."

*v. Rackmill*, No. 87-0456, 1990 WL 63504, *7 (E.D. Pa. May 11, 1990) (holding the plaintiff's FTCA claims against a United States Probation Officer were dismissed because he failed to exhaust administrative remedies).

To the extent Granger's complaint may be construed to assert any potential related state law claims arising from the alleged incident, this court should decline to exercise supplemental jurisdiction over such state law claims. *See* 28 U.S.C. § 1367(c)(3) (court has discretion to decline jurisdiction over a claim supported only by supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"). Granger may still pursue his state law claims in the state courts.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  to the extent Granger asserts claims under the FTCA, his complaint be DISMISSED, as this court lacks subject matter jurisdiction over such claims because of Granger's failure to exhaust administrative remedies; and

2.  to the extent the complaint asserts any related state law claims, this court declines to exercise supplemental jurisdiction over such state law claims.

It is further

ORDERED that on or before August 6, 2010, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of July, 2010.

/s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE